**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| REGINA DODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-1053-RHH |
| | ) |
| AFFINIA HEALTHCARE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Reginia Dodson brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* Plaintiff alleges discrimination based on her race, color, age and disability against her former employer, Affinia Healthcare. [ECF No. 1].

Now before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*, or without prepayment of fees and costs. [ECF No. 2]. Upon consideration of the financial information submitted in support of the Motion, the Court finds that Plaintiff is unable to pay the filing fee. The Motion will be granted, and the fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff is now proceeding *in forma pauperis*, her Complaint must be reviewed under 28 U.S.C. § 1915(e)(2)(B). Based on that review, the Court will direct Plaintiff to file an Amended Complaint within thirty (30) days, on a Court-provided form, in compliance with the instructions set out below. Plaintiff should also file a copy of her Equal Employment Opportunity (EEOC) Charge of Discrimination as an attachment to her Amended Complaint. Finally, Plaintiff has also

filed a Motion to Appoint Counsel. [ECF No. 3]. Because there is no constitutional right to appointment of counsel in civil cases, and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's Motion to Appoint Counsel, subject to refiling at a later date.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Complaint**

Plaintiff Regina Dodson initiated this employment discrimination action against her former employer, Affinia Healthcare. However, because Plaintiff has failed to fill in her "Statement of Claim" in her Complaint, she has failed to explain any allegations of wrongdoing against her. Instead, Plaintiff has merely checked boxes indicating that she is pursing claims against Affinia Healthcare for discrimination under Title VII, the ADEA, the ADA and the Rehabilitation Act, based on race, color, age and disability.

The Court notes that Plaintiff has failed to explain her alleged disability, if she is claiming she was subjected to a hostile work environment/harassment at Affinia (and whether this harassment was based on her race, age, color or disability), what terms and conditions of her employment she believes were discriminated against at Affinia, and how she believes she was retaliated against. Plaintiff has also failed to articulate if she was constructively discharged from her employment at Affinia and whether, and on what basis, she believes it to have been discriminatory.

Plaintiff cannot merely attach a document to her Complaint and expect this Court to comb through the attachment for supporting facts. Rather, Plaintiff is expected to set forth, clearly in her "Statement of Claim," the essential facts of her case, describing the conduct of Defendant under numbered paragraphs for each separate claim for relief. For this reason, Plaintiff will be required to amend her Complaint on a Court-form. In setting forth the claims in her Amended Complaint, Plaintiff should consider the following.

**Discussion**

I.   **Instructions for Filing an Amended Complaint**

Because Plaintiff failed to fill out the Court's Employment Discrimination Complaint form in its entirety, the Court will require Plaintiff to amend her Complaint on the Court-form. In completing the Amended Complaint, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful

4

conduct.

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have thirty (30) days from the date of this Memorandum and Order to file an Amended Complaint on the form provided. The Amended Complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of the Amended Complaint completely replaces all earlier filed pleadings in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

## II.     Required Exhaustion of Administrative Remedies

Before suing under Title VII or the ADA, a plaintiff must first file a Charge of Discrimination with the EEOC and receive a Right to Sue letter. *See Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000) (Title VII); 42 U.S.C. § 12117(a) (the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging employment discrimination based on disability under the ADA); *Kent v. Dir., Mo. Dep't of Elementary and Secondary Educ. & Div. of Vocational Rehab.*, 792 F. Supp. 59, 61-62 (E.D. Mo. 1992) (as in Title VII cases, receipt of a Right to Sue letter is a prerequisite to bringing suit under Title I of the ADA).

"A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.,* 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation and citation omitted). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (citation omitted). Nevertheless, to allow "a

complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (internal quotation and citation omitted).

### III. Plaintiff Must Include a Copy of Her Charge of Discrimination with Her Amended Complaint

Before bringing suit under Title VII, a plaintiff must first file a Charge of Discrimination with the EEOC and receive a Right to Sue letter. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Although Plaintiff has attached her Right to Sue letter to her Complaint, she has not provided the Court with a copy of her Charge of Discrimination. Consequently, the Court will order Plaintiff to include her Charge of Discrimination with her Amended Complaint, so that the Court may ascertain whether Plaintiff's claims in her pleadings are like or reasonably related to the claims outlined in her Charge. *See Duncan v. Delta Consol. Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

### IV. Minimum Pleading Requirements to State a Title VII Claim

Plaintiff alleges claims under Title VII which makes it unlawful for an employer to discriminate against an individual based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Plaintiff's Complaint in this matter fails to meet these requirements. Plaintiff alleges

6

discrimination on the basis of race and color, but she never specifies her own race or color, nor does she allege membership in any protected class. The Court cannot assume facts that are not alleged in the complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). In addition, Plaintiff never details any disparate treatment. The Complaint is void of any allegations that similarly situated employees of a different race or color were treated more favorably. Plaintiff's Amended Complaint must allege enough facts to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Plaintiff must plead factual content which allows the Court to draw a reasonable inference that her past employer is liable for misconduct.[1] *Id.* at 678.

Plaintiff also appears to allege a Title VII retaliation claim. Title VII prohibits retaliation against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). In this case, there are no factual allegations regarding any retaliatory behavior whatsoever. Although the Court must liberally construe self-represented Complaints, Plaintiff must plead enough factual allegations for her claims to be plausible. *See Iqbal*, 556 U.S. at 679.

**V.    Minimum Pleading Requirements to State an ADEA Claim**

To establish a prima facie case under the ADEA, a plaintiff must demonstrate she is a

---

[1]To establish a prima facie case for hostile work environment, Plaintiff must show: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action. *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021). "At the pleading phase, the Court must determine whether the alleged harassment is 'severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe [his] working conditions have been altered.'" *Id.* (quoting *Blomker v. Jewell,* 831 F.3d 1051, 1056 (8th Cir. 2016)). Plaintiff has failed to properly allege in her Complaint how her work environment at Affinia was racially abusive. She has not included any facts in the Complaint indicating that she was subjected to racially-based jokes or inappropriate behavior based on her race, and she has failed to include any facts alleging that anyone at Affinia acted in a physically threatening or humiliating manner due to her race.

member of the protected class (over 40 years of age); she was qualified for the position; she suffered an adverse employment action; and similarly-situated employees outside the class were treated more favorably. *Anderson v. Durham, D&M, L.L.C.,* 606 F.3d 513, 523 (8th Cir. 2010) (internal citation omitted). Here, while plaintiff includes her birth date to indicate she is over forty and can be understood to allege she was appropriately qualified, she makes no attempt to demonstrate she suffered discrimination based on her age. Simply placing a check mark on the form Complaint does not sufficiently state a plausible ADEA claim. As a result, plaintiff's ADEA claims appear to be insufficient to state a claim as currently outlined.

**VI.    Minimum Pleading Requirements to State an ADA Claim**

To establish discrimination under the ADA, plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker,* 737 F.3d 1209, 1216 (8th Cir. 2013). Plaintiff fails to identify her purported disability in her Complaint. Additionally, she also fails to allege that she was either discriminated against, or terminated, because of her disability.

**VII.   Minimum Pleading Requirements to State a Rehabilitation Act Claim**

Plaintiff states she is claiming a violation of the Rehabilitation Act, which prohibits discrimination against qualified individuals based on a physical or mental disability. Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701-796, prohibits any "program or activity receiving Federal financial assistance" from discriminating based on a disability. "To establish a prima facie case of disability discrimination under Section 504, a plaintiff must prove: (1) s[he] is a qualified individual with a disability; (2) [she] was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) [she] was discriminated against based on [her] disability."

8

*M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721*, *New Prague, Minn.,* 439 F.3d 865, 867 (8th Cir. 2006) (internal quotations and citation omitted) (alterations in original). However, plaintiff does not allege, nor is it apparent, that she was involved in a program that received federal financial assistance. *See Gorman v. Bartch,* 152 F.3d 907, 911 (8th Cir. 1995); *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999) (establishment of a prima facie case under the RA differs from the showing required under the ADA only in that a plaintiff must, in order to state a claim under the RA, make the additional showing that she was involved in a program that received federal financial assistance). To the extent Plaintiff wishes to allege a Rehabilitation Act claim, she will need to properly allege that Affinia received federal financial assistance in order to do so.

## Denial of Motion to Appoint Counsel

Finally, Plaintiff has also filed a Motion to Appoint Counsel. [ECF No. 3]. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate her claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d

at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as no defendant has been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

## Conclusion

Plaintiff's motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. However, Plaintiff's Complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B) so she must file an amended complaint on a Court-provided form within **thirty (30) days** of this Order, in an attempt to cure her pleading deficiencies. Plaintiff should attach a complete copy of her EEOC Charge of Discrimination. Finally, as there is no constitutional right to counsel in civil cases, Plaintiff's motion for counsel will be denied at this time, subject to refiling at a later date. Because Plaintiff is proceeding *in forma pauperis*, the Court will also review the Amended Complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for Plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank

Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint, within **thirty (30) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach her EEOC Charge of Discrimination.

**Failure to timely comply with this Order may result in the dismissal of this action without prejudice.**

Dated this 23rd day of July, 2025.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE