## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REGINA DODSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CV-01053 RHH |
| AFFINIA HEALTHCARE, | ) ) ) ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

Before the Court is Plaintiff Regina Dodson's motion for reconsideration of the dismissal of this action. [ECF No. 25]. After review of the record in this matter, the Court will deny Plaintiff's motion.

Plaintiff Regina Dodson filed this employment discrimination action on July 18, 2025, against Defendant Affinia Healthcare by filing a pro se civil complaint. [ECF No. 1]. She asserted claims of race, color, age and disability discrimination against her former employer, Affinia Healthcare, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.,* the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.,* and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*

On July 23, 2025, the Court granted Plaintiff leave to proceed in forma pauperis and ordered Plaintiff to amend her Complaint on a Court-provided Employment Discrimination Complaint Form. Plaintiff was also ordered to provide the Court with a copy of her Charge of Discrimination from the Equal Employment Opportunity Commission (EEOC). [ECF No. 4].

On September 5, 2025, Plaintiff filed a document titled "Remand Submission of Plaintiff EEOC Amended Complaint in Compliance with Judge's Order." [ECF No. 11]. Plaintiff's filing, did not comply with the Court's July 23, 2025 Memorandum and Order. She not only failed to file a timely Amended Complaint on a Court-provided Employment Discrimination Complaint form, but she also failed to provide the Court with a copy of her Charge of Discrimination from the EEOC.[1] As such, on October 15, 2025, the Court ordered Plaintiff to file her Amended Complaint on the Court form no later than Friday, November 15, 2025, along with a copy of her Charge of Discrimination. [ECF No. 18]. Plaintiff was specifically warned that her failure to comply with the Court's Order would necessitate dismissal of this action, without prejudice.

Despite being warned of the possibility of dismissal of this action if she failed to comply with the Court's Order, Plaintiff failed to file her Amended Complaint or her Charge of Discrimination on November 15, 2025. As such, on November 20, 2025, the Court dismissed this action pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to comply with a Court Order. [ECF No. 24]. Defendant's Motion to Dismiss was denied as moot.

On November 25, 2025, approximately five days after the dismissal of this action, Plaintiff filed a document titled, "Motion for 30-day Extension to respond to the Defendants [sic] Motion to Dismjiss Plaintiff Amended EEOC Complaint for Cause and Lack of Due Process and Reinstatement of the Case." [ECF No. 25]. Plaintiff complains in a conclusory manner that because she was not familiar with Court rules and processes, she could not comply with Court orders. She also states that due to mail disruption from a tornado that occurred in May of 2025, she had to

---

[1] On September 26, 2025, Defendant Affinia Healthcare filed a Motion to Dismiss, or in the alternative, Motion to Compel Plaintiff to Comply with the Court's July 23, 2025 Memorandum and Order. [ECF Nos. 14 and 15]. On October 10, 2025, Plaintiff filed a Motion for Extension of Time to respond to Defendant's Motion to Dismiss. Plaintiff requested thirty (30) days to respond to the Motion to Dismiss citing issues with obtaining the mail due to tornado damage on her home. The Court granted Plaintiff's request.

2

move her mailing address in the case.[2] But even pro se litigants are required to abide by the Court's Local Rules and Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000). And as noted in Footnote 2, Plaintiff was provided an extension of time to respond when she sought one, and she failed to inform the Court until after the case was dismissed that she wanted to update her mailing address. Additionally, Plaintiff was told on July 23, 2025, to submit an Amended Complaint on a Court-provided form, as well as a copy of her Charge of Discrimination from the EEOC. She has failed to do so as of today's date. Thus, she is still not in compliance with this Court's Orders.

Considering these factors, the Court finds that Plaintiff is not entitled to reconsideration of the dismissal of this action. Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of the dismissal of this action [ECF No. 25] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for an extension of time to respond to Defendant's Motion to Dismiss is **DENIED AS MOOT.**

---

[2]Although Plaintiff states that there was mail disruption due to the tornado, she admits that the Court provided her an extension of time to respond to the Court orders when she requested one. Additionally, to the extent Plaintiff is *just now* indicating that she wishes to update her address because of mailing difficulties, it was her responsibility to keep the Court aware of her updated address throughout the entirety of this action, as set forth in the Local Rule. *See* 2.06(B) ("Every self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number. If any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice."). Plaintiff cannot attempt to update her address post-dismissal. Additionally, the Court points out that at no time in this action was any of Plaintiff's mail returned to the Court.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Court will not accept any additional filings in this closed action unless they relate to an appeal.

Dated this 17th day of December, 2025.

                                            HENRY EDWARD AUTREY
                                   UNITED STATES DISTRICT JUDGE